UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Julio C., | ) | |
|     Plaintiff, | ) ) ) | No. 25-cv-854 |
| v. | ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Julio C.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying him disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and Defendant's motion for summary judgment [Dkt. 17] is DENIED. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

    **1.**     **Procedural History**

On October 8, 2021, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning February 26, 2019. [Administrative Record ("R.") 15.] The claim was denied initially and on reconsideration. *Id*. On November 6, 2023, after an Administrative Hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision. [R. 15-26.] The Appeals Council denied review on November 20, 2024 [R. 1], rendering the ALJ's

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2]     Plaintiff filed a "Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security" [Dkt. 16], which the Court views as a motion for summary judgement. Defendant filed a "Memorandum in Support of Motion for Summary Judgement" [Dkt. 17], which the Court views as a cross motion for summary judgement.

1

November 6, 2023 decision the final decision of the Commissioner. 20 C.F.R. §404.981. On January 24, 2025, Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

**2. The ALJ's Decision**

In his November 6, 2023 decision, the ALJ analyzed Plaintiff's claim following the SSA's usual five-step evaluation process to determine whether Plaintiff was disabled. [R. 15-26.] At Step One, the ALJ found that while Plaintiff worked after October 8, 2021 (the application date), Plaintiff's work activity did not rise to the level of substantial gainful activity. [R. 17.] At Step Two, the ALJ found Plaintiff suffered from severe impairments of lumbar spine degenerative disc disease, obesity, and depression.[3] *Id*. At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 CFR 416.920(d), 416.925 and 416.926). [R. 18.] In determining Plaintiff's mental impairments, the ALJ also analyzed the so-called Paragraph B and Paragraph C criteria for assessing mental impairments. The ALJ found Plaintiff had (i) a moderate limitation in understanding, remembering or applying information, (ii) a moderate limitation in interacting with others, (iii) a moderate limitation in concentrating, persisting or maintaining pace, and (iv) a moderate limitation in adapting or managing oneself. [R. 18-19.] The ALJ further found that the evidence of record failed to establish that Plaintiff required ongoing medical treatment or therapy, a highly structured setting, with marginal adjustments, and that Plaintiff had a minimal capacity to adapt to changes in his environment or to demands not already part of his daily life. [R. 20.]

---

[3] While Plaintiff has also been diagnosed with diabetes mellitus, the ALJ did not find this to be a "severe" impairment. [R. 17.]

Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to work with the following limitations:

> …lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. He is able to stand and/or walk for a total of about six out of eight hours. He is able to sit for a total of about six out of eight hours. The claimant needs to alternate his position between sitting, standing, and walking for no more than five minutes out of every hour. While doing so, he would not need to be off task. The claimant can occasionally climb ramps and stairs, and he can occasionally stoop, kneel, balance, crouch and crawl, but he can never climb ladders, ropes or scaffolds. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, or working at unprotected heights, and he should avoid concentrated exposure to unguarded hazardous machinery. The claimant can understand, remember and carry out simple instructions. The claimant can use judgment to make simple work-related decisions. The claimant can tolerate occasional interactions with supervisors and coworkers. The claimant can tolerate no interactions with the general public. The claimant cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas. The claimant can deal with occasional changes in a routine work setting.

[R. 20.]

At Step Four, the ALJ concluded that Plaintiff had no past relevant work. [R. 24.] At Step Five, after considering the Plaintiff's age, education, work experience and RFC, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 25.] Specifically, the ALJ determined that Plaintiff would be able to perform the requirements of merchandise marker (DOT# 209.587-034, SVP 2, light), office helper (DOT# 239.567-010, SVP 2, light), and mail clerk (DOT# 209.687-026, SVP 2, light). [R. 25.] Accordingly, the ALJ found that Plaintiff was not disabled from the application date through the date of the decision. [R. 26.]

### 3. Social Security Regulations and Standard of Review

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial

3

evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019).

4.   **Discussion**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's (1) mental RFC, (2) physical RFC, and (3) statements that addressed the intensity, persistence, and limiting effects of Plaintiff's pain and symptoms. While the Court finds that the ALJ properly evaluated Plaintiff's statements that addressed the intensity, persistence, and limiting effects of his pain[4], the Court agrees that the ALJ failed to create an accurate and logical bridge when forming Plaintiff's RFC.

Plaintiff argues that the ALJ erred by "failing to incorporate moderate limitations in concentration, persistence, or pace" when forming Plaintiff's mental RFC. [Dkt. 16 at 4.] Specifically, Plaintiff argues the ALJ failed to cite specific evidence that supported the ALJ's determinations that (1) while Plaintiff "cannot perform work requiring a specific production rate

---

[4] The Court does not address this argument in this Memorandum Opinion and Order as it finds that remand is otherwise warranted.

4

such as assembly line work, [Plaintiff] can tolerate end of day quotas" and (2) Plaintiff "can tolerate no interactions with the general public" but "can tolerate occasional interactions with supervisors and coworkers." [Dkt. 16 at 5-8; R. 20.] Similarly, with respect to Plaintiff's physical RFC, Plaintiff claims the ALJ erred in failing to identify specific evidence that supports the sit/stand limitation parameters the ALJ incorporated into Plaintiff's RFC. [Dkt. 16 at 8-10.]

Social Security Ruling ("SSR") 96-8p requires an ALJ's RFC assessment to "include a narrative discussion *describing how the evidence supports each conclusion*, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR 96-8P (emphasis added). This standard does not require an ALJ to "address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). However, the ALJ must "provide an explanation for how the evidence leads to their conclusions that is sufficient to allow [the] reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054 (internal signals and citations omitted). A mere recitation of information contained in the administrative record is not a substitute for meaningful analysis of the evidence or the ALJ's obligation to build an accurate and logical bridge. *Craft v. Astrue*, 539 F.3d, 668, 677 (7th Cir. 2008) ("We conclude that there is not an "accurate and logical bridge" between the ALJ's recitation of the mental medical evidence and the decision to account for Craft's mental impairments by limiting him to unskilled work."); *Pamela H. v. King*, No. 24-cv-25, 2025 WL 306362, at *3 (N.D. Ill. Jan. 27, 2025) ("While summaries are appropriate to include in an ALJ's decision, a summary without analysis does not provide the Court with any indication of what evidence or reports the ALJ relied on (or not) to make her RFC determination."); *Lashaun B. v. Saul*, at *7 (N.D. Ind. Nov. 18, 2019) ("It was not

5

enough to summarize impairments, then give her conclusion. The ALJ had to explain what limitations those conditions imposed on Plaintiff, and explain why the evidence supported the limit to sedentary work, but no further."). The Seventh Circuit has further held that an ALJ's failure to explain how they arrived at their conclusions warrants reversal of the ALJ's decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005); see also *Andrea H. v. Kijakazi*, No. 20-cv-1828, 2023 WL 2403138, at *5 ("The ALJ's failure to point to specific evidence to support her conclusion that plaintiff could sustain full-time sedentary work, warrants remand.").

Here, the ALJ merely recited facts from the record which led to the ALJ's finding that the claimant had a moderate limitation in interacting with others but failed to provide any analysis on how the recited evidence led to the ALJ's RFC formulation. [R. 19.] The ALJ cited a function report which states that Plaintiff rarely socializes, a psychiatric evaluation concluding that Plaintiff is irritable and hostile, a consultative exam and other evaluations that indicated Plaintiff was cooperative, and Plaintiff's record of a recent travel to visit a friend in Arizona. [R. 19.] However, the Court struggles to understand the logical bridge from this evidence to the ALJ's conclusion that the Plaintiff "can tolerate occasional interactions with supervisors and coworkers," but that "he can tolerate no interactions with the general public." [R. 19.] Plaintiff further highlighted additional evidence in the record indicating Plaintiff's poor hygiene and irritability [R. 448], observed psychomotor retardation and decreased prosody [R. 492], and Plaintiff's testimony that he struggles to shower about four days of the week [R. 39]. [Dkt. 16 at 8.] While the ALJ was not required to discuss all this evidence, the lack of analysis and citation to specific evidence in the ALJ's opinion leads the Court to question how the ALJ formed Plaintiff's RFC and warrants remand.

In the same vein, the ALJ merely recited facts from the record which led to the ALJ's

finding that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace but failed to offer a meaningful analysis in his decision. [R. 19.] The ALJ cited Plaintiff's function report where Plaintiff stated "he had a hard time paying attention", the consultative examination where Plaintiff was able to follow simple instructions, although with some difficulty, and Plaintiff's therapy treatment notes which indicated that Plaintiff's concentration abilities were intact. [R. 19.] However, the ALJ failed, again, to build a logical and accurate bridge from this evidence to the ALJ's assessment that Plaintiff "cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas." [R. 19.] In fact, as Plaintiff points out, the ALJ failed to cite any evidence that indicates Plaintiff could not meet set pace requirements, let alone that Plaintiff retained the ability to meet end of day quotas. [Dkt. 16 at 6.] The ALJ's failure to explain how he arrived at his conclusions warrants remand.

The Commissioner's counterarguments are premised on the minimal articulation standard set by the Seventh Circuit. [Dkt. 17 at 1.] While the Commissioner is correct that an ALJ must only "minimally articulate his or her justification for rejecting or accepting specific evidence of a disability," the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal signals omitted) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)); *Hess*, 92 F.4th at 676. The Court finds that the ALJ failed to meet this lax standard. The Commissioner further argues that the Plaintiff does not point out any evidence that the ALJ overlooked and further, that the ALJ's decision offered greater limitations than those proposed by the evaluating doctors. [Dkt. 17 at 2-4.] However, "[t]he fact that the ALJ's opinion is more generous [than the state agency consultant's opinions] does not excuse his failure to explain the evidence supporting Plaintiff's RFC limitations." *Ronald B. v. Saul*, No. 18-cv-7705, 2020 WL 419407, at *3 (N.D. Ill. Jan. 27, 2020).

7

With respect to Plaintiff's physical RFC, the ALJ offered more analysis of the evidence but still fell short of providing a logical and accurate bridge between the evidence and the parameters set in the RFC. The ALJ concluded that Plaintiff "is limited to light exertion because of lumbar degenerative disc disease and obesity." [R. 22.] In coming to this conclusion, the ALJ discussed, among other evidence, Plaintiff's history of low back pain, the results of an MRI which indicated a herniated disc in the lumbar spine (though this MRI is not part of the record), Plaintiff's visits with Chicago Interventional Pain Medicine, and Plaintiff's experiences with a spinal cord stimulator implant trial. [R. 21-22.] The ALJ next considered this objective evidence with Plaintiff's testimony and found that Plaintiff's testimony about his exertion levels were not consistent with the overall record and ultimately concluded Plaintiff is limited to light exertion. [R. 22.] The ALJ then outlined the physical RFC which stated that Plaintiff "is able to stand and/or walk for a total of about six out of eight hours, and he is able to sit for about six out of eight hours. He needs to alternate his position between sitting, standing, and walking for no more than five minutes out of every hour." [R. 22.] While the Court finds that there is substantial evidence and follows the ALJ's bridge between the evidence and the ALJ's conclusion that the Plaintiff is limited to light exertion, the Court fails to follow how the ALJ determined the parameters of the sit/stand limitation in the RFC. As Plaintiff notes, the ALJ did not cite specific evidence that supported the parameters as required by SSR 96-8p. [Dkt. 16 at 10.] The Court disagrees with the Commissioner that Plaintiff is asking the Court to reweigh evidence. [Dkt. 17 at 5-6.] Rather, Plaintiff points to a void in the ALJ's opinion and the Court agrees there is such an impermissible void.

The Court finds that the ALJ erred in forming Plaintiff's RFC, as discussed above, by failing to build an accurate and logical bridge between the evidence and the ALJ's ultimate RFC

that the Plaintiff can tolerate end of day quotas (but cannot tolerate pace requirements), the Plaintiff can tolerate occasional interactions with supervisors and coworkers (but cannot tolerate interactions with the public), that Plaintiff can sit and stand for six out of eight hours per day and that Plaintiff needs to alternate his position for no more than five minutes every hour. For these reasons, the Court finds that remand is warranted. The Court expresses no view on the ultimate outcome of the claim, recognizing that the ALJ may reach the same conclusion after conducting the proper analysis; however, meaningful judicial review requires that the reasoning underlying the ALJ's conclusion be adequately articulated.

    **5.**    **Conclusion**

For the reasons detailed above, the Court must remand this matter for proceedings consistent with this Memorandum Opinion and Order. Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and Defendant's motion for summary judgment [Dkt. 17] is DENIED.

**ENTERED: February 13, 2026**

                                          Hon. Keri L. Holleb Hotaling,
                                          United States Magistrate Judge